## THE MIAMI.

### HOLMAR v. THE MIAMI.

(District Court, S. D. Alabama.    October 26, 1896.)

#### No. 769.

ADMIRALTY JURISDICTION—SUITS IN REM— ASSAULT BY MASTER.

A libel in rem will not lie to recover damages for intentional and unlawful violence inflicted by the master on a stowaway.    The latter being a mere trespasser on board, there is no breach of any contractual or maritime obligation; and the suit is not in the nature of an action on the case, but is for an assault and battery.

This was a libel in rem by A. A. Holmar against the steamship Miami to recover damages on account of personal violence inflicted upon the libelant, a stowaway, by the master.    The cause was heard upon exceptions to the libel.

Smith & Gaynor, for libelant.
Pillans, Torrey & Hanaw, for the Miami.

TOULMIN, District Judge.    The contention on the part of the libelant is that this suit is in the nature of an action on the case, and it is stated in the libel that it is an action on the case for the breach of a duty by the master and owners of the vessel to the libelant; but the facts of the case, as alleged, fail to show that, from the breach of the duty complained of, any right of action on the case arose.    An action on the case is a concurrent remedy with assumpsit for many breaches of contract, whether the breach is nonfeasance or malfeasance; and, when a cause of action is stated in the complaint as arising from a breach of duty growing out of a contract, it is ex delicto, and case—an action on the case—will lie.    1 Brick. Ala. Dig. pp. 40, 41, pars. 5, 18.    But the libelant sustained no relation to the vessel and owners by contract.    All that can be said is that the act complained of happened on board the vessel, but it cannot be held that there was any breach of any maritime duty or obligation on the part of the master of the vessel.    The libelant was not rightfully on the vessel.    He came aboard clandestinely, and hid away on the vessel.    He was, as he calls himself, "a stowaway," and was such wholly without the consent or knowledge of the master. He was a trespasser.    There was no contract between any one representing the vessel and the libelant, and there was no duty to the libelant on the part of the officers and crew of the vessel.    The Germania, Fed. Cas. No. 5,360.    When I speak of "duty" here, I

mean maritime duty,—such duty as would grow out of some contractual relation between the libelant and the vessel and owners. There was a duty on the part of the master not to injure or cruelly treat the libelant,—a duty not to allow him to die or suffer from starvation, if he was able to relieve him; but this duty rested upon principles of common humanity, and in no way arose from his duties or obligations as master of the vessel. This is not a suit in the nature of an action on the case. The facts alleged show it to be a case of assault and battery by the master. It appears from them that the master intentionally inflicted unlawful violence upon the libelant. This is assault and battery. The Lord Derby, 17 Fed. 265. This suit cannot be maintained against the vessel. Admiralty Rule 16. The exceptions to the libel are sustained, and the libel is therefore dismissed.